STATE OF INDIANA EX REL. FANROY *v.* THE MARION COUNTY CRIMINAL COURT, DIVISION TWO ET AL.

[No. 0-684. Filed October 19, 1966.]

*Henry W. Fanroy, pro se.*

PER CURIAM—The petitioner has submitted his petition to proceed as a pauper, and affidavit in support thereof, and a Petition for An Alternative Writ of Mandate.

Petitioner states that on June 29, 1962, he was sentenced to the Indiana State Prison, but he does not state the crime for which he was incarcerated, nor the term of his imprisonment.

In a rambling petition, which is approximately 30 legal pages in length, he alleges several matters, most of which are immaterial.

First, he alleges that because of his incarceration he was under a legal disability, and that therefore, his time to file a transcript under Rule 2-2 of this Court is thereby extended. This is not the law in Indiana. *Irwin* v. *State* (1947), 220 Ind. 228, 41 N. E. 2d 809.

Petitioner further states that after his conviction on June 29, 1962, he forwarded a petition for an extension of time to file a motion for new trial and also a petition to be assisted by pauper counsel in doing this, together with a motion for new trial which alleges that the verdict of the trial court was contrary to law and that the verdict was not sustained by sufficient evidence.

Petitioner attached a copy of the motion for new trial to his petition and then alleged that these petitions were mailed to the trial court (a copy to the prosecuting attorney) on July 13, 1962.

Petitioner then states that on March 29, 1963 he received notice by letter that his belated motion for new trial was overruled, however, in the petitioner's own petition, a letter dated April 5, 1963, signed by Sid M. Cleveland, Deputy Public Defender, states that the office of Public Defender received a letter from Marion Criminal Court, Division Two, to the effect that the motion for new trial and a belated motion for new trial was overruled in the trial court.

The record does not show that the petitioner filed a petition in the trial court for pauper counsel and transcript at public

expense, nor does the petitioner allege this any place in his petition for the purpose of appeal.

Petitioner then alleges that shortly after January 9, 1963, he discovered that there were two witnesses who could testify to his innocence, however, he in no way states in his petition how these two men could testify nor what their testimony might be. Therefore, this allegation should be dismissed.

The petitions are hereby overruled.

Achor, J., not participating.

NOTE.—Reported in 220 N. E. 2d 524.